## Lauby v. Gould. Kessler v. Gould.

F. J. Mervine, for plaintiffs; C. C. Shull, for defendants.

SHULL, P. J., June 9, 1928.—This matter comes before the court on rule to show cause why capias issued in above actions of trespass should not be quashed. In support of the rule, counsel offers the fact that this capias was served while defendant was at a hearing before P. M. Nilis, justice of the peace, on a prosecution in which the defendant, Fred J. Gould, was charged with aggravated assault and battery. Said defendant came voluntarily before the said justice in pursuance of letters written by counsel for plaintiff in the above-stated action, which said counsel was, at the time, District Attorney of Monroe County.

We are perfectly frank to say that, though we are of the opinion that immunity from civil process is not enjoyed by the defendant who appears in response to criminal process for either hearing or trial, unless it appears to have been an abuse of process of the court, which gives to the party plaintiff an advantage to which he is not fairly entitled, and, further, under the circumstances of this case, we would have given serious consideration to the motion had it been presented prior to any further action in the case on the part of the defendant, we feel that, after defendant has appeared, filed an affidavit of defense and the case been tried and verdict, it is too late to consider such motion for a defendant, though injured in the matter of service of the process.

The facts concerning the manner of procuring service, etc., were within the knowledge of the defendant, and if, without asking for relief, he sees fit to take his chances with the jury, he may not then, after an adverse verdict, avoid the consequences of it by complaining of such irregularity.

And now, June 9, 1928, rule discharged.